United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI WALLERSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DOLE FRESH VEGETABLES, INC.<br><br>Defendant. | Case No.: 13-cv-01284-YGR<br><br>**ORDER GRANTING DEFENDANT DOLE FRESH VEGETABLES, INC.'S MOTION TO TRANSFER ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA** |

Plaintiff Traci Wallerstein ("Plaintiff" or "Wallerstein") filed this putative class action against Defendant Dole Fresh Vegetables, Inc. ("Defendant" or "Dole") on March 21, 2013. (Compl. [Dkt. No. 1].) Plaintiff seeks monetary damages and injunctive relief on the grounds that the "All Natural" label on Dole Salad Kits is "false, deceptive, and unfair to consumers because the Salad Kits contain synthetic (man made) ingredients" and consumers are misled into purchasing those products. (First Amended Class Action Complaint ["*Wallerstein* FAC"] ¶¶ 1–3 [Dkt. No. 8].) Dole is also a defendant in another putative class action filed on February 26, 2013 in the Northern District of California, *Park v. Dole Fresh Vegetables, Inc.*, Case No. 13-cv-00872-LHK ("*Park* Action"). That case was subsequently transferred to the Central District of California. (*See Park* Action at Dkt. No. 45.)

Dole has filed a Motion to Transfer Plaintiff Traci Wallerstein's Action to the Central District of California Pursuant to the First-to-File Rule and/or 28 U.S.C. § 1404(a) or, in the Alternative, to Dismiss or Stay the Action. ("Motion" [Dkt. No. 29].)[1] Wallerstein filed an Opposition to Defendant's Motion to Transfer Pursuant to 28 U.S.C § 1404(a) or, in the

---
[1] Hereafter, the Court will refer to 28 U.S.C section 1404 as "Section 1404."

Alternative, to Dismiss or Stay the Action. ("Opposition" [Dkt. No. 34].) Dole filed a reply in turn. (Dkt. No. 37.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Dole's Motion to Transfer based on the first-to-file rule.[2]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Instant Action

On March 21, 2013, Wallerstein filed this putative class action in the Northern District of California. (Dkt. No. 1.) On May 10, 2013, Plaintiff filed an amended complaint "on behalf of herself and all those who purchased an All Natural Dole Salad Kit (the 'Salad Kits') at any time from January 1, 2009 through the present." (*Wallerstein* FAC ¶ 1.) Dole Fresh Vegetables, Inc. is a subsidiary of Dole Food Company, Inc., one of the world's largest food suppliers, who produces the Dole Salad Kits as well as "over 200 brands of food that are sold throughout the United States and the world." (*Id.* ¶ 9.)

Wallerstein alleges that the following varieties of Salad Kits contain synthetic ingredients: (1) Asian Island Crunch Salad Kit; (2) Caesar Salad Kit; (3) Endless Summer Salad Kit; (4) Garlic Caesar Salad Kit; (5) Light Caesar Salad Kit; (6) Perfect Harvest Salad Kit; (7) Southwest Salad Kit; (8) Spinach Cherry Almond Bleu Salad Kit; (9) Ultimate Caesar Salad Kit; and (10) Value Size Caesar Salad Kit. (*Id.* ¶ 10.) Wallerstein further alleges that Dole Salad Kits cannot be natural because they contain xanthan gum and ascorbic acid. (*Id.* ¶¶ 19–20.)

Wallerstein asserts six claims in the FAC: (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code section 1750, *et seq.* ("CLRA"); (2) violation of the unlawful, unfair, and fraudulent prongs of Cal. Bus. & Prof. Code section 17200, *et seq.* ("UCL"); (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code section 17500, *et seq.* ("FAL"); (4) breach of implied-in-law contract/quasi-contract under California Law; (5) deceptive acts and

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for September 17, 2013.

2

practices in violation of N.Y. Gen. Bus. Law section 349, *et. seq.*; and (6) unjust enrichment under New York law.

### B. The *Park* Action

On February 26, 2013, plaintiff Andrew Park initiated the *Park* Action in the Northern District of California. On April 25, 2013, Park filed an amended complaint "on behalf of a nation-wide class of all consumers who purchased Dole Salad Kit products that were deceptively labeled as 'All Natural' . . . when in fact those products contain unnaturally processed and synthetic ingredients." (First Amended Class Action Complaint in *Park* Action at Dkt. No. 22 ["*Park* FAC"] ¶ 1.)[3]

Park alleges that the same ten varieties of Dole Salad Kits are deceptively labeled. (*Park* FAC ¶ 23.) Further, Park alleges that the Salad Kits are unnatural because they contain synthetic ingredients, namely ascorbic acid and/or xanthan gum. (*Id.* ¶¶ 26–27.) Park alleges two claims for violations of the unfair, unlawful, and fraudulent prongs of the UCL and also the CLRA.

On August 2, 2013, the Honorable Lucy H. Koh transferred the *Park* Action to the Central District of California pursuant to Section 1404(a). (*Park* Action at Dkt. No. 45.) The case is currently assigned to the Honorable Otis D. Wright.[4]

## II. DISCUSSION

### A. First-to-File Rule

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary."). The first-to-file rule is "a generally

---

[3] Dole filed a Request for Judicial Notice in Support of its Motion to Transfer ("RJN"). (Dkt. No. 30.) Plaintiff has not objected to the RJN. The Court **GRANTS** the RJN as Exs. 4–5, consisting of the complaints filed in the *Park* Action. Notably, Plaintiff cites to docket entries for the *Park* Action in her Opposition. The RJN as to the other exhibits is **DENIED** because they are not pertinent to the outcome on this Motion.

[4] The Court notes that the First Amended Class Action Complaint, filed while *Park* was still in the Northern District of California, continues to be the operative complaint even after *Park*'s transfer to the Central District. (*See* Dkt. No. 22 in Case No. 13-cv-05732-ODW-VBK (C.D. Cal.).)

recognized doctrine of federal comity" permitting a district court to decline jurisdiction over an action. *Inherent.com v. Martindale–Hubbell,* 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (citing *Pacesetter*, 678 F.2d at 94–95). The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted). As such, the rule should not be disregarded lightly. *See Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011). Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing *Alltrade*, 946 F.2d at 625).

A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Exceptions to the first-to-file rule include where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping. *Alltrade*, 946 F.2d at 628. The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action. *Ward*, 158 F.R.D. at 648 (citing *Alltrade*, 946 F.2d at 628).

**B.     Analysis**

As noted above, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade*, 946 F.2d at 628. When found to be applicable, the rule gives courts the power to transfer, stay, or dismiss the case. *Id.* at 623. For the reasons discussed below, the Court finds that this action should be transferred to the Central District of California.[5]

---

[5] The Court notes that none of the typical exceptions to the first-to-file rule (bad faith, anticipatory lawsuits, or forum shopping) appear to be implicated here.

4

### 1. Chronology of Actions

The first factor that must be satisfied in order for the first-to-file rule to apply is the chronology of actions. The action in the transferee district court must have been filed prior to the action in the transferor district court.

Dole argues that an action filed by Laura Hansen against Dole in Los Angeles Superior Court constitutes the first-filed action for the purposes of the first-to-file rule, and that the *Park* Action—*as a copycat* of that action—is ostensibly a first-filed action. Further, Dole argues that because the *Park* Action was filed prior to the instant action and is currently pending in the Central District of California, it does not matter for the purposes of the first-to-file rule that the *Park* Action was originally initiated in the Northern District.

Wallerstein argues that the chronology element is not satisfied because previously-filed actions that were voluntarily dismissed cannot be a first-filed action. In addition, Wallerstein contends that "[o]f course, the first-to-file rule only applies when cases involving the same parties and issues have been <u>filed</u> in two <u>different</u> districts." (Opposition at 4 (emphasis in original) (citing *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).) Because the currently-pending *Park* Action in the Central District was originally filed in this district, Wallerstein argues transfer is precluded.

As an initial matter, the Court considers the *Park* Action filed in the Northern District of California on February 26, 2013 (Case No. 13-cv-00872) to be the sole "first-filed action" for the purpose of analyzing whether the first-to-file rule is satisfied. Actions that were previously filed and voluntarily dismissed are no longer pending and are therefore moot for the purposes of the first-to-file rule.

Notably, the parties have not cited, nor has the Court itself identified, any cases directly addressing the issue now presented: can a court apply the first-to-file rule where both actions are originally filed in the same district and the first-filed action is subsequently transferred to another district? Wallerstein refers only to *Cedars-Sinai Medical Center* as authority for her position, noting that Dole cites no authority changing the "fact" that *Park* was not originally filed in the Central District. (Opposition at 4–5.) While *Cedars-Sinai Medical Center* discusses the

5

application of the rule when cases have been filed in two different districts, the Ninth Circuit did not explicitly limit the rule's application to that specific factual scenario. Indeed, the court was not called upon to address the possibility of applying the rule to cases filed in the same district. As such, the Court is not persuaded that *Cedars-Sinai Medical Center* imposes an affirmative requirement that the actions be filed in different districts. To the contrary, the Court has located at least two cases indicating that the first-to-file rule is not limited in the manner Wallerstein suggests.

In *Abrahams v. Hard Drive Productions, Inc.*, the Honorable Joseph C. Spero applied the first-to-file rule on a motion to dismiss two cases that were initially filed in the Northern District. Case No. C-12-01006 JCS, 2012 WL 1945493, at *7 (N.D. Cal. May 30, 2012). In *Abrahams*, plaintiff sought a declaration that he did not infringe defendant's copyright in an adult video. *Id.* at *1. However, the defendant had previously filed an action for copyright infringement. *Id.* Judge Spero analyzed defendant's motion to dismiss and the two relevant cases under the first-to-file rule, but ultimately declined to dismiss the action under the rule because the parties in both actions were not substantially similar. *Id.* at *7. Notably, the fact that the actions had both been filed in the same district did not outright preclude the court from analyzing the motion based on first-to-file rule.

Similarly, in *Intervet, Inc. v. Merial, Ltd.*, a district court in the District of Columbia applied the first-to-file rule where two actions—both filed in the District of Columbia—were "functionally the same," except that the plaintiff in one action was the defendant in another and vice versa. 535 F. Supp. 2d 112, 115 (D.D.C. 2008). There, the court held that the first-to-file rule provided a "reasonable means" to determine which of the two actions should be dismissed. *Id.* at 115 (citing *SAS Inst., Inc. v. PracticingSmarter, Inc.*, 353 F. Supp. 2d 614, 619 (M.D.N.C. 2005) (applying the first-to-file rule to an action for declaratory judgment and dismissing the later-filed patent infringement suit filed in the same district)).

The Court finds that the first-to-file rule is not limited to cases brought in different districts. Notably, the purposes of the first-to-file rule (namely, avoiding duplicative litigation and preventing the possibility of conflicting judgments) are served under the present factual scenario,

where the first-filed action, which was previously in this district, has been transferred to another district. The first-to-file rule simply requires a chronology of the actions.

Here, the *Park* Action was filed on February 26, 2013. Wallerstein filed the instant action over three weeks later, on March 21, 2013. Thus, the first factor regarding the chronology of actions is satisfied.

### 2. Similarity of the Parties

The second factor considered is whether the parties in each case are similar. Dole argues that this factor favors application of the first-to-file rule because the proposed classes are identical and it is the sole defendant in both actions. Dole argues that with class actions, courts look to the similarity of the class rather than the similarity of the class representatives. Wallerstein responds that the parties are not similar because she is a New York citizen, whereas the plaintiff in *Park* is a citizen of California. Further, Wallerstein argues that comparing putative classes as opposed to the class representatives is contrary to the Supreme Court's holding in *Smith v. Bayer Corp.*, 131 S.Ct. 2368 (2011).

Courts have held that "the first-to-file rule *does not require* strict identity of the parties, but rather *substantial similarity*." *Adoma*, 711 F. Supp. 2d at 1147 (emphasis supplied) (citing *Inherent.com,* 420 F. Supp. 2d at 1097); *see Microchip Tech.,* 2011 WL 2669627, at *3 (transferring case under first-to-file rule despite plaintiffs' arguments that a named plaintiff and a named defendant were not parties in the first-filed action). In other words, "[e]xact identity is not required to satisfy the first-to-file rule." *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, No. CIV 10-3134 KJM EFB, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) ("The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.") (citation omitted); *Microchip Tech.,* 2011 WL 2669627, at *3 (exact identity not required).[6]

---

[6] *See also Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252, 2002 WL 31465299, at *3 (N.D. Cal. Oct. 22, 2002) (finding the first-to-file rule applicable despite the fact that two named plaintiffs were not named parties in the first-filed action); *British Telecomm. plc v. McDonnell Douglas Corp.*, No. C-93-0677 MHP, 1993 WL 149860, at *4 (N.D. Cal. May 3, 1993) ("Based on the facts of *Alltrade*, the case does not stand for a blanket rule that there must be strict identity of parties for the first-to-file rule to apply.").

7

Courts within the Northern District of California have taken two approaches regarding the comparison of the classes prior to class certification for the purposes of a motion to transfer under the first-to-file rule. For example, in *Lac Anh Le v. PricewaterhouseCoopers LLP,* No. C–07–5476 MMC, 2008 WL 618938, at *1 (N.D. Cal. Mar. 4, 2008), the court denied defendant's motion to stay under the first-to-file rule without prejudice, holding that because the classes in the first and second-filed lawsuits had not yet been certified, a comparison of the individual plaintiffs in each lawsuit was appropriate and showed that the parties were not the same. Other Northern District courts, including this Court, have applied what appears to be the more widely accepted rule of comparing the putative classes even prior to certification. *Ruff v. Del Monte Corp.*, No. C 12-05251 JSW, 2013 WL 1435230, at *3 (N.D. Cal. Apr. 9, 2013) (White, J.) (finding substantial similarity among three putative class actions relating to product labeling); *Ross v. U.S. Bank Nat. Ass'n,* 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (Illston, J.); *Weinstein v. Metlife, Inc.,* No. C 06–04444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006); *see also Adoma*, 711 F. Supp. 2d at 1147 ("In a collective action, the classes, and not the class representatives, are compared.") (citation omitted); *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-cv-00696-YGR, 2013 WL 3476801, at *6 (N.D. Cal. July 10, 2013). Consequently, the Court is not persuaded by Wallerstein's argument that it is improper to compare classes prior to certification.[7]

Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals. *Adoma*, 711 F. Supp. 2d at 1148. With respect to the putative classes, both plaintiffs seek to represent a nationwide class of consumers who purchased the exact same ten varieties of Dole Salad Kits. (*Park* FAC ¶¶ 8, 23;

---

[7] The Court is not persuaded that *Smith v. Bayer Corp.* precludes consideration of similarities between the putative classes under the first-to-file rule. Wallerstein explains that the *Smith* Court rejected defendant's argument that "an unnamed member of a proposed but uncertified class qualifies as a party for purposes of the relitigation exception to the Anti-Injunction Act." (Opposition at 6.) However, not only was the first-to-file rule not implicated in *Smith*, but the relitigation exception at issue there—which authorized injunctions by a federal court to prevent state litigation of claims or issues that were *previously presented to and litigated* by the federal court—is in no way analogous to the "similarity of parties" prong of the first-to-file rule. Importantly, the Anti-Injunction Act and relitigation exception thereunder serve entirely different purposes than the judicially-constructed first-to-file rule.

*Wallerstein* FAC ¶¶ 1, 10, 31.) The instant action seeks to represent consumers who purchased Dole Salad Kits "at any time from January 1, 2009, through the present." (*Wallerstein* FAC ¶ 31.) While the *Park* Action does not specify a class period (*Park* FAC ¶¶ 1, 8), the Court assumes the intended class period covers every consumer that has ever purchased Dole Salad Kits, including those dating back to January 1, 2009. Although plaintiff in the *Park* Action seeks to represent a potentially larger class, plaintiffs in both actions intend to represent at least a nationwide class that purchased Dole Salad Kits containing synthetic products from January 1, 2009 to the present. Dole is also the sole defendant in both the instant action and the *Park* Action.

The Court further notes that while Wallerstein and Park reside in different states, they are themselves similar because they both allege they purchased at least two of the allegedly mislabeled products: the Asian Island Crunch Kit and the Light Caesar Salad Kit. (*Wallerstein* FAC ¶ 8; *Park* FAC ¶ 6 (alleging he purchased each of the Salad Kits at issue).) In addition, each class representative could become a member of the other lawsuit's nationwide class if that action is certified.

For these reasons, the Court finds there is substantial similarity between the parties involved in both cases, and the second requirement of the first-to-file rule is satisfied.

### 3. Similarity of the Issues

The final factor considered is whether both actions involve similar issues. Courts have held that the issues in the two actions must be *substantially similar*, rather than identical. *Adoma*, 711 F. Supp. 2d at 1148 (citing *Inherent.com*, 420 F. Supp. 2d at 1097); *Schwartz*, 2012 WL 8147135, at *3 ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims."); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) ("[A]s defendant correctly notes, the 'first-to-file' rule is satisfied by a *sufficient* similarity of issues.").[8]

---

[8] *See also eNom, Inc. v. Philbrick*, C08-1288RSL, 2008 WL 4933976, at *2 (W.D. Wash. Nov. 17, 2008) (granting transfer under first-to-file rule despite the addition of a claim for declaratory judgment not present in the first-filed action); *PETA*, 2011 WL 686158, at *2 ([T]he first-to-file rule does not require identical parties or issues, so long as the actions are substantially similar or involve substantial overlap.") (citation omitted); *Centocor*, 2002 WL 31465299, at *3 ("[C]ourts

Dole argues that the core issue in both actions is whether "the 'all natural' label on Dole's salad kits [is] untrue or likely to deceive a reasonable consumer[.]" (Motion at 9.) Further, Dole notes that both complaints seek recovery under the UCL and CLRA. Finally, Dole contends that any additional claims raised by the instant action are "immaterial" to the extent that the factual and legal issues in both actions are "overwhelmingly similar." (*Id.*) Wallerstein disagrees and argues that the issues are not similar because she brings claims under New York, California, and other state laws whereas the plaintiff in *Park* only raises California claims.

The Court agrees with Dole that the thrust of the lawsuits is identical—both plaintiffs complain that the same ten Salad Kits are deceptively labeled as "All Natural" because they contain the same two synthetic ingredients (xanthan gum and ascorbic acid), and allege that consumers are misled into purchasing the products. Moreover, Wallerstein asserts four claims under California law (CLRA, UCL, FAL, and breach of implied contract) and two claims under New York law (false and deceptive actions under N.Y. Gen. Bus. Law section 349 and unjust enrichment). The *Park* Action alleges two claims under the UCL and CLRA, both of which are also alleged in this action.

Similarly, in *Schwartz*, the court found two lawsuits to be substantially similar where both cases arose from the allegedly misleading "All-Natural" labeling of Frito-Lay Bean Dip and the plaintiff attempted to distinguish the second case with additional claims under different state law. 2013 WL 8147135, at *3. There, the court found that a contrary holding would go against the underlying purpose of the first-to-file rule. *Id.* (citing *Worthington v. Bayer Healthcare, LLC*, No. 11-3017, 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012) ("Finding an insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule.")).

Here, the Court believes that a transfer of this case to the Central District of California will serve the purpose of the first-to-file rule in promoting judicial efficiency and avoiding the possibility of conflicting judgments. The claims in both actions seek redress for consumers who

---

generally do not require identical issues or parties so long as the actions involve closely related questions or common subject matter.").

10

were misled into purchasing the same ten types of Dole Salad Kits, which—unbeknownst to consumers due to the "all natural" label—contained xanthan gum and ascorbic acid. In addition, the class periods in the actions overlap substantially. Both actions seek to represent at least all consumers that purchased Dole Salad Kits "at any time from January 1, 2009, through the present." (*Wallerstein* FAC ¶ 31; *Park* FAC ¶ 8 (no time limitation).) Due to the overlapping claims, products, and class periods, a significant portion of discovery in the actions will be duplicative, a point which Wallerstein does not dispute. Wallerstein fails to present any reason outweighing the judicial efficiency to be gained by transferring this action to Central District of California. Indeed, the two cases may be consolidated once they are before the same court.[9] Although disputing whether efficiency is truly gained by consolidating the actions due to the fact that this action has New York claims, Wallerstein acknowledges that discovery between the two actions can be coordinated with "ease." (Opposition at 2–3.)

Finally, the Court notes that Plaintiff's counsel has articulated no reason why the Central District court could not adequately address the different issues in this action. The Central District of California is no less capable of applying New York law than this Court. *See, e.g.*, *Schwartz*, 2012 WL 8147135, at *3 (finding that a New York Court is capable of dealing with actions arising under California law). In sum, Wallerstein has not demonstrated why equity prevents transfer of this case in light of the conservation of resources and significant judicial efficiency to be gained.

For these reasons, the final requirement of the first-to-file rule is met, and the present case can, and should be transferred to the Central District of California. As this matter is transferred pursuant to the first-to-file rule, the Court will not address transfer under Section 1404(a) or Dole's alternative arguments in support of dismissal or stay.

### III. CONCLUSION

For the foregoing reasons, the Court finds that this action should be transferred to the Central District of California based on the first-to-file rule. Accordingly, Dole's Motion to

---

[9] The court notes that the plaintiff in the *Park* filed an Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil Local Rules 3-12 and 7-11 when the matter was before Judge Koh. (*Park* Action at Dkt. No. 15.) The court denied this motion as moot when it transferred the action to the Central District of California. (*See* Dkt. No. 45 at 10.)

Transfer is **GRANTED**.  The Court **DENIES** Plaintiff's request for sanctions against Dole and defense counsel.  (*See* Opposition at 3 & 15–16.)

Having determined that transfer is appropriate, the Court **DENIES** the pending Motion to Dismiss as moot.

This Order terminates Dkt. Nos. 18 & 29.

**IT IS SO ORDERED**.

Date: September 13, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**